UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
MARTEL ELLIS and FELIX ROVIRA         :  Case No.
p/k/a/ BLAH-ZAY BLAH-ZAY              :  
                                      :  COMPLAINT
              Plaintiffs,             :
                                      :  JURY TRIAL DEMANDED
       vs.                            :
                                      :  
WYCLEF JEAN and SONY MUSIC            :
HOLDINGS, INC.,                       :
                                      :
              Defendants.             :
------------------------------------- X

Plaintiffs Martel Ellis and Felix Rovira p/k/a Blah-Zay Blah-Zay (sometimes hereinafter collectively referred to as "Blahzay" or "Plaintiffs") by and through their attorneys, McCue Sussmane & Zapfel, P.C., as and for their Complaint against Defendants, allege upon information and belief as follows:

### JURISDICTION, VENUE AND THE PARTIES

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 in that a controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §101 et. seq.).

2. Plaintiffs are citizens of the United States, who are professional musicians involved in the writing, production and performance of musical works.

3. Upon information and belief, Defendant Wyclef Jean ("Wyclef") is a Haitian citizen who resides in New York, New

York. Wyclef is a professional musician involved in the writing, production and performance of musical works.

4. Upon information and belief, Defendant Sony Music Holdings, Inc. ("Sony") is a Delaware company authorized to do business in New York. Sony is engaged in the business of production, manufacture and distribution of musical recordings in the Southern District of New York and throughout the world.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## GENERAL ALLEGATIONS

6. Plaintiffs are internationally known recording artists.

7. In 1996 Plaintiffs released an album featuring their performances titled "*Blah Blah Blah*" which was published and distributed in strict conformity with the provisions of the Copyright laws of the United States by Polygram Records Inc. (the "Plaintiffs' Album"). Plaintiffs' Album contained over 10 original works created by Plaintiffs including the widely recognized hip hop anthem titled "*Danger*" ("Plaintiffs' Work"). It has been reported that the mark of Plaintiffs' Work on hip hop history is indelible.

8. Plaintiffs' Work consists of music, lyrics and arrangements including the use, editing and selection of pre-existing sound recordings. The musical and lyrical composition, together with the arrangement, selection and editing of pre-existing sound recordings are wholly original to Plaintiffs.

Plaintiff's Work is copyrightable subject matter under the laws of the United States.

9. Plaintiffs' Work was duly registered on October 4, 2010 with the United States Copyright Office as evidenced by U.S. Copyright Registration number PA 1-700-558 (the "Registration").

10. At all times pertinent hereto, Plaintiffs have duly complied with all of the provisions of the Copyright Laws of the United States applicable to Plaintiffs' Work and have been and still are, the proprietors of the copyright in Plaintiffs' Work, and duly possessed all rights, title and interests therein.

11. Wyclef is an internationally known recording artist who has sold millions of albums throughout the world.

12. Sony is a record company which currently produces, publishes, manufactures and distributes Wyclef's albums throughout the United States and worldwide.

13. On or about December 4, 2007, Defendants produced, manufactured, released and sold an album containing Wyclef's performances titled *Carnival* ("Wyclef's Album").

14. Upon information and belief, the production and manufacturing of Wyclef's Album took place in the Southern District of New York.

15. Wyclef's Album included a song titled "Welcome to the East" (the "Infringing Work") which willingly and unlawfully copied Plaintiffs' Work. Substantial and original portions of Plaintiff's Work were copied and used throughout the Infringing Work.

16. The copying of Plaintiffs' Work was carried out and done by Defendants after Defendants notified Plaintiffs of the copying and failed to secure the consent or agreement of Plaintiffs.

17. On or about June 2007, Defendants contacted Plaintiffs in New York, to express Defendants' interest in obtaining the rights to utilize Plaintiffs' Work in the Infringing Work.

18. From on or about June 2007 through December 2007, the parties discussed the potential use of Plaintiffs' Work by Defendants. Plaintiffs at all time informed Defendants that they would not consent to the proposed use of Plaintiffs' Work unless (i) Plaintiffs appeared as guest performers on Wyclef's Album, and (ii) Plaintiffs received a writing credit on the Infringing Work.

19. Such appearance and credit were essential conditions to Plaintiffs because they would be extremely beneficial to Plaintiffs' professional careers.

20. Despite numerous communications from June through December 2007, Plaintiffs and Defendants did not enter into any written or oral agreement regarding the copying of Plaintiffs' Work.

21. On or about December 4, 2007, Defendants released Wyclef's Album and published the Infringing Work for commercial exploitation, without the agreement or consent of Plaintiffs, and without providing for the appearance of Plaintiffs on Wyclef's Album and without providing any credit to Plaintiffs.

22. On or about December 14, 2007 after the Wyclef Album had been published for commercial exploitation, Defendants sent a check to Plaintiffs', which was promptly rejected and returned to Defendants.

23. In addition to releasing the Infringing Work on Wyclef's Album, Defendants released the Infringing Work as a promotional record to promote Wyclef's Album, receiving extensive national radio play of the Infringing Work.

24. From on or about January 2008 to the present, Plaintiffs made multiple demands on Defendants to cease and desist from the unauthorized use of Plaintiffs' Work.

25. Despite knowledge of Plaintiffs' demands, Defendants have knowingly and purposefully refused to take any steps to cease the exploitation and use of the Infringing Work or taken any corrective steps to credit or acknowledge Plaintiffs' contribution to the Infringing Work.

26. Defendants have each infringed upon Plaintiffs' copyright.

### FIRST CLAIM FOR RELIEF

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. From on or about December 2007 to the present, Defendants have knowingly and intentionally infringed the statutory copyright in Plaintiffs' Work, including by substantially copying; publicly performing; making and

distribuing or authorizing the making and distribution of the Infringing Work and Wyclef's Album; participating in and furthering such infringing acts, or shared in the proceeds therefrom, all through substantial use of Plaintiffs' Work in and as a part of the Infringing Work.

29. Upon information and belief, the respective infringing acts of Defendants include but are not limited to, the following:

  a. Defendants participated in and contributed to the unauthorized copying of Plaintiffs' Work in the creation of the Infringing Work;

  b. Defendants contributed to and participated in the unauthorized creation and distribution of cassettes, CDs, digital downloads and other means of physical and digital delivery throughout the world serving to reproduce the Infringing Work;

  c. Defendants contributed to and participated in the unauthorized public performance of the Infringing Work; and

  d. Defendants contributed to and participated in the unauthorized use of the Infringing Work to promote sales of Wyclef's Album and other works contained therein.

30. Since on or about December 2007, Defendants engaged in unauthorized creation and reproduction of the Infringing Work in United States which, upon information and belief, was subsequently exported and distributed from the United States

throughout numerous territories of the world in direct violation of Plaintiffs' copyright.

31. Defendants' unauthorized creation and reproduction of the Infringing Work in the United States permits further reproduction abroad and, upon information and belief, has resulted in infringement which has occurred outside the United States.

32. As a result of Defendants' infringement in the United States, the Court has subject matter jurisdiction over Defendants' extraterritorial acts.

33. Since on or about December 2007, Defendants knowingly utilized Plaintiffs' Work in the Infringing Work with knowledge of their failure to credit or acknowledge Plaintiffs in any way.

34. Despite adequate notice and demand, Defendants failed to take any corrective procedures and, upon information and belief, subsequent to such notice reprinted and remanufactured additional exploitations of the Infringing Work.

35. Defendants' respective infringing acts were, and are continuing hereafter to be committed willfully.

36. Plaintiffs have no adequate remedy at law.

37. Plaintiffs have incurred actual damages in an amount to be proven at trial, but no event less than $2,000,000, plus attorneys' fees and interest as allowed by law.

WHEREFORE, Plaintiffs demand judgment as follows:

a.  That Defendants and their respective agents, servants and representatives be enjoined during the pendency of this action and permanently from infringing Plaintiffs' copyright in any manner including from disposing of copies of, and making and distribution cassettes, CDs, digital downloads or other methods of delivery of the Infringing Work;

b.  That they be required to account for all gains, profits and advantages, derived by Defendants from each of their infringements of the copyright;

c.  That they be required to pay to Plaintiffs such damages as Plaintiffs have sustained, or such other and further damages as to this Court shall appear proper within the provisions of the Copyright Law, but in no event less than $2,000,0000 including plus costs of this action and reasonable attorneys fees;

d.  That defendants be required to deliver upon oath, to be impounded during the pendency of this action and for destruction, all infringing copies and all plates, molds, matrices, tapes, masters, hard drives, digital files and other means of any kind for making infringing copies; and

e.  That the Court award Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 15th day of November, 2010

By: _____
Kenneth Sussmane (KS 9301)
McCue Sussmane & Zapfel, P.C.
Attorneys for Plaintiffs
521 Fifth Avenue, 28th Floor
New York, New York 10175
Telephone: (212) 931-5500
ksussmane@mszpc.com

Defendants' Addresses:

Sony Music Entertainment
111 West 57th Street
New York, New York 10019

Wyclef Jean
111 West 57th Street
New York, New York 10019