UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTEL ELLIS and FELIX ROVIRA                    :
p/k/a/ BLAH-ZAY BLAH-ZAY,
                                                 :
                        Plaintiffs,
                                                 :        **MEMORANDUM and ORDER**
             -against-
                                                 :          10 Civ. 8837 (AJN)(KNF)
WYCLEF JEAN,
                                                 :
                        Defendant.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       Dorothy M. Weber, Esq. ("Weber"), a member of Shukat Arrow Hafer Weber & Herbsman,

LLP ("SAHWH"), counsel to defendant Wyclef Jean ("Jean"), has made a motion, pursuant to

Local Civil Rule 1.4 of this court, for an order relieving her and SAHWH of the obligation of

continuing to represent Jean in this action because of his "failure to pay substantial legal fees and

disbursements." Furthermore, according to Weber, Jean's "business manager has advised that [Jean]

has no ability to pay for services already rendered or to be rendered in the future." The plaintiffs

have not opposed the instant motion and Jean has not responded to it although, in a document signed

by him on January 14, 2013, Jean acknowledged "personal service of the motion" was effected on

January 7 and 11, 2013.

       The Second Circuit Court of Appeals has embraced the view that "[n]on-payment of legal

fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from

representation." U.S. v. Parker, 439 F.3d 81, 104 (2d Cir. 2006) (citation omitted); Bennett v.

Mukasey, 525 F.3d 222, 224 (2d Cir. 2008). "In most cases, . . . courts have permitted counsel to

withdraw for lack of payment only where the client either deliberately disregarded financial

obligations or failed to cooperate with counsel." Parker, 439 F.3d at 104 (internal quotation mark

and citation omitted). No evidence before the Court demonstrates either that Jean has deliberately

disregarded his financial obligations to his counsel or that he has failed to cooperate with counsel in

defending against this action.

Through an affidavit, Weber asserts that Jean has failed "to pay substantial legal fees and disbursements." However, neither the exact amount of the fees and disbursements or the length of time Jean has been delinquent in paying them is reported by Weber. Furthermore, although Weber asserts that Jean's "business manager has advised that [Jean] has no ability to pay for services already rendered or to be rendered in the future," no affidavit from the unidentified business manager showing Jean's financial resources and demonstrating his inability to pay for legal services was submitted to the Court. Thus, the hearsay statement attributed to Jean's business manager is to no avail. "[O]ne can conceive of a situation in which a client's stark refusal to pay [legal fees], coupled with a demonstrated inability to do so, imposes such financial hardship on the attorney that continued representation would be unfair." Rophaiel v. Alken Murray Corp., No. 94 Civ. 9064, 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996). However, based on the record before it, the Court is unable to conclude that such a situation is present here. Accordingly, the instant motion, Docket Entry No. 62, is denied.

Dated:  New York, New York
        February 20, 2013

SO ORDERED:

_Kevin Nathaniel Fox_ _____

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE